Statement of Facts.

## SECOND N. BANK v. PENNA. ETC. COAL CO.

APPEAL BY J. S. JENKINS ET AL. FROM THE COURT OF COM-
MON PLEAS OF LACKAWANNA COUNTY.

Argued February 24, 1891—Decided March 9, 1891.

1. On the distribution of the proceeds of a sheriff's sale, after a special
   return, under §§ 1, 2, act of April 20, 1846; P. L. 411, that the purchas-
   er is a lien creditor, and entitled, etc., the persons interested, question-
   ing or disputing, have an alternative remedy, either an auditor appointed,
   or an issue; they are not given both.
2. In such a distribution, where persons interested applied for the ap-
   pointment of an auditor, and made a demand for an issue when his re-
   port, adverse to their positions, was ready for filing after two years of
   controversy by them before him, the refusal of the issue prayed for
   was not error.
3. An assignment of error to a final decree on the report of an auditor
   distributing the proceeds of a sheriff's sale, specifying that the court
   erred "in confirming the auditor's report," is too general to require
   consideration: [See Rule XXII. of the Supreme Court.]

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 24 July Term 1890, Sup. Ct.; court below, No. 146
April Term 1886, C. P.

Prior to January 22, 1887, the sheriff had made a return
that, by virtue of a writ of venditioni exponas, issued upon a
judgment for $3,434, in favor of the Second N. Bank of Wilkes-
Barre against the "Lackawanna & Susquehanna Coal & Iron
Company, now the Pennsylvania Anthracite Coal Company,"
he had sold, for the sum of $550,000, a large tract of land and
the interest of defendant company, as grantee of E. A. Coray,
in two perpetual mining leases of all the coal in two other
tracts of land, to R. K. Dow, as trustee, in trust for certain
persons named in a list attached as the holders of bonds of the
Pennsylvania Anthracite Coal Co.  The attached list showed
the names of persons holding bonds aggregating in amount
$485,000, with unpaid coupons attached amounting to $84,875.
The sheriff returned further that the said purchaser was a lien
creditor of the defendant company, and as such was entitled

Statement of Facts.

to receive $530,617.15 of the proceeds of said sale; and the receipt of said R. K. Dow, trustee, for the said sum was attached, as was also a certified list of liens against the lands of defendant company.

On January 22, 1887, John S. Jenkins presented his petition, making averments as to his ownership of certain bonds of the defendant company, specified in the sheriff's return as being held by or belonging to other persons, and praying the court to appoint an auditor who should report a distribution of the proceeds of sale, "together with the facts and reasons upon which said distribution should be made." On the same day, the court appointed *Mr. Everett C. Harding*, auditor, "to inquire into the facts alleged in said petition, and to report a distribution in accordance with the act of assembly in such case made and provided." On the same day, the sheriff acknowledged his deed to R. K. Dow, trustee, the purchaser, and, by leave of court, paid into court the sum of $16,410.81.*

On November 26, 1887, Mr. Everett C. Harding, the auditor, having died, by agreement of the parties *Mr. W. W. Lathrope* was appointed in his stead.

On October 7, 1889, the auditor filed a report, from which it appeared that the auditor was asked by the counsel of Mr. Jenkins to find, from the evidence heard and taken before him, that the sheriff's sale of the defendant company's property was a fraud; that there had been a deliberate conspiracy to wreck the defendant company, consummated by the sheriff's sale, and that the sale, therefore, should be set aside. The auditor, however, conceived this to be beyond the powers conferred by his appointment, and that his inquiries were to be confined to the disputed ownership of the bonds and to the proper distribution of the proceeds of the sheriff's sale. He therefore passed upon the questions raised before him, finding that Jenkins was not the owner of the bonds referred to in his petition, and reported a distribution of the fund in court. At the close

---

* A docket entry showed that on December 2, 1886, on the filing of an affidavit, a rule was granted to show cause why the sheriff's sale should not be set aside; but no further action upon the rule was shown. Whether the "right of said purchaser" to the money receipted for on the special return, was "questioned or disputed by any person interested," (see § 2, act of April 20, 1846, P. L. 411,) was not clear.

of his report, he stated that requests for issues on the part of
E. A. Coray and John S. Jenkins had been presented to him
" within four days after written notice that the hearing by the
auditor had been concluded."

These requests were attached to the report, and were dated
October 3, 1889. That presented by E. A. Coray set out the
ownership by him of a large number of coupons specified, and
averred that a certain agreement, and the transfer of 13,000
shares of the stock of the defendant company thereby obtained
from him, were both obtained from him by fraud and misrepre-
sentation, and that all the proceedings subsequent thereto,
down to the sheriff's sale, were tainted with the same fraud;
praying for an issue to try the disputed facts. The petition
of John S. Jenkins was of a like nature, and averred, inter alia,
that the judgment of the Second N. Bank upon which the
property of the defendant company had been sold, and the
sheriff's sale itself, were fraudulent and void, the whole being
a collusive scheme to defraud the deferred stockholders of the
company; praying for an issue, etc.

Exceptions to the report of the auditor, filed by John S. Jen-
kins and E. A. Coray, having been argued, the court, CON-
NOLLY, J., on March 26, 1890, without opinion filed, entered
an order dismissing the exceptions, refusing the requests for
issues, and confirming the report of the auditor finally. There-
upon the exceptants took this appeal, specifying that the court
erred:

" 1. In refusing the issues requested by John S. Jenkins.

" 2. In refusing the issues requested by E. A. Coray.

" 3. In confirming the auditor's report."

*Mr. A. Ricketts* (with him *Mr. L. Amerman*), for the ap-
pellants.

That the exceptants were entitled to the issues prayed for,
counsel cited: Souder's App., 57 Pa. 498; Dormer v. Brown,
72 Pa. 404; and that the question, whether the judgment and
the sheriff's sale thereunder were collusive and fraudulent,
was not beyond the province of the auditor: Meckley's App.,
102 Pa. 536.

*Mr. Everett Warren* and *Mr. Henry W. Palmer* (with them
*Mr. Edw. N. Willard*), for the appellees.

That the exceptants were not entitled to the issues, counsel cited: §§ 1, 2, 3, act of April 20, 1846, P. L. 411. That, even if the proceedings were under §§ 86, 87, act of June 16, 1836, P. L. 777, the petitions were not in proper form: Robinson's App., 36 Pa. 81; Benson's App., 48 Pa. 159; Ryman's App., 124 Pa. 635; Knight's App., 19 Pa. 494; Dickerson's App., 7 Pa. 255; Christophers v. Selden, 28 Pa. 165.

Per Curiam:

The first assignment alleges error in refusing the issues requested by the appellant John S. Jenkins, and the second alleges error in refusing the issues requested by appellant E. A. Coray. The third assignment is too general to require discussion.

The demand for issues, as above stated, was not made until the case had been before the auditor some two years, a large amount of testimony taken, and some days after the parties had been notified by the auditor that his report was ready for filing. After all this delay and the necessary expense involved, it would require a very strong case to justify us in reversing for the refusal to award an issue. Moreover, we do not think the appellants were entitled to it. The second section of the act of April 20, 1846, P. L. 411, providing for the case where lands are purchased by a lien creditor, declares:

"If the right of said purchaser or purchasers, to the money mentioned in said return, shall be questioned or disputed by any person interested, the court shall thereupon appoint an auditor, who . . . . . shall make a report distributing the proceeds of such sale, with the facts and reasons upon which such distribution is made, to be approved by the court; or, to direct an issue to determine the validity of said lien; and all further proceedings shall be stayed until the said issue shall be decided," etc.

It thus appears that the remedy or proceeding in such case is two-fold; the person or persons interested may have an auditor, *or* an issue; the law does not give both. The appellants applied to the court below for the appointment of an auditor, and an auditor was accordingly appointed. They selected their own mode of proceeding; they elected between the two remedies provided by the act of assembly, and having exhausted

the one, have now no right to repudiate it, and proceed under the other.    Aside from this, there were no disputed facts which would have justified an issue.

The decree is affirmed and the appeal dismissed, at the costs of the respective appellants.