## The C. & C. Electric Company *v.* Stuart St. Clair, appellant, and John D. Allen.

*Promissory note—Joint maker—Partnership—Receiver—Affidavit of defense.*

In an action against the joint makers of a promissory note signed by the defendants individually, an affidavit of defense is insufficient which avers that the note was given by the defendants jointly as members of a partnership, and that before the note became due a receiver was appointed of the partnership affairs.

*Practice, C. P.—Action against joint debtors—Service on one defendant only—Amendment.*

In an action against joint debtors where only one of the defendants has been served, but it is not averred in the statement that the sheriff's return as to the other was nihil habet, and the attention of the court below was not called to the omission, the Supreme Court will sustain a judgment against the defendant served, and permit the statement to be amended nunc pro tunc so as to show that the other defendant had not been served.

Argued May 20, 1897. Appeal, No. 455, Jan. T., 1896, by Stuart St. Clair, one of the defendants, from order of C. P. York Co., April Term, 1896, No. 120, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a promissory note. Before W. F. BAY STEWART, J.

The statement showed that the action was brought upon a promissory note signed by the defendants. The docket entries showed that there had been a return of nihil habet as to John D. Allen, but this was not set forth in the statement. Stuart St. Clair, the appellant, filed an affidavit of defense in which he averred as follows :

1. The defendant admits that he, together with John D. Allen, the other defendant, executed and delivered to the plaintiff the promissory note as alleged in the plaintiff's statement, but avers that the same was given by them jointly as members of a certain copartnership then existing between them, and for a partnership debt.

2. The defendant avers that, after the execution and delivery of said promissory note to the plaintiff and before the same became due and payable, and before the bringing of said suit, the said partnership so as aforesaid existing between the defendants had legally passed into the hands of a receiver for an accounting, and that therefore he is not individually liable on said note to the said plaintiff.

The defendant further avers that he is not liable to the plaintiff on said promissory note for the reason that, as he is informed and verily believes, said C. & C. Electric Company, plaintiff, is also in the hands of a receiver, for the purpose of winding up its affairs, and was so, before the bringing of this suit.

In a supplemental affidavit of defense appellant further averred :

That on or about the date of the maturity of said note in suit, one Mitchell May, Esq., of the city of Brooklyn, Kings county, state of New York, was, by a court of competent jurisdiction in and for said Kings county, and at the instance of this deponent, duly appointed receiver of the said copartnership mentioned in the affidavit of defense filed, the name, style, and title of which was, "John D. Allen and Stuart St. Clair, doing business under the firm name and style of The Ice Palace Skating Rink Company," (the purpose and business of which was building and operating ice skating rinks,) and which said receivership was at and before the time of bringing said action, and still is, in existence and legal force and operation.

The court made absolute a rule for judgment against Stuart St. Clair, for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*G. G. Fisher*, with him *H. L. Fisher*, for appellant, cited: Singerly v. Fox, 75 Pa. 112; Latshaw v. Steinman, 11 S. & R. 357; High on Receivers, sec. 209.

*J. S. Clark*, with him *A. N. Green*, for appellee.—We ask leave to amend the statement now by inserting at the end thereof, the following words : " And the plaintiff company asks judgment for the said amount against the defendant, Stuart St.

Clair, it appearing by the record that the sheriff has returned nihil habet as to the defendant, John D. Allen."

The affidavit of defense was insufficient: Van Dusen v. Blake, 20 W. N. C. 45; Yeager v. Wallace, 44 Pa. 294; Singerly v. Fox, 75 Pa. 112.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 15, 1897:

Defendant's averments, as to the partnership between him and John D. Allen, the other joint maker of the note in suit, and the appointment of a receiver, etc., are not only too vague and indefinite, but they are also immaterial. It is not denied that the two defendants, St. Clair and Allen, individually, are the joint makers of the note in suit, nor is it claimed that, as such joint makers, they have any meritorious defense to the payment thereof. If there be a receiver of the alleged firm, regularly appointed and qualified, and he is in anywise interested in this suit, he is doubtless competent to protect the interests thus committed to his care; but, so far as appears, he has no possible interest therein that can be made available to the defendants in this case or either of them.

The only properly assigned error that is worthy of even passing notice rests on the bald technicality that plaintiff's statement contains no reference to the fact that the sheriff's return, as to the defendant, John D. Allen, is "nihil habet," etc. If the attention of the court below had been called to this at the proper time, an amendment would doubtless have been allowed, and the statement made to conform to the fact as shown by the record. There is no reason why it should not be done now with the same effect as if it had been done then. The amendment suggested by plaintiff company's counsel is accordingly allowed and made nunc pro tunc. The only ground—technical or otherwise—on which the validity of the judgment against this appellant can be questioned being thus disposed of, the judgment against him impleaded with John D. Allen not served, etc., is affirmed.