## People's Savings Bank v. Mosier.

| 199 | 375 |
|-----|-----|
| e205 | 249 |

*Execution—Issue—Auditor—Act of April 20, 1846, P. L. 411.*

Where a judgment creditor has ruled a fund raised by a sheriff's sale of real estate into court, and secured the appointment of an auditor, he cannot after an auditor has been appointed and all the testimony taken, have an issue to determine the matter in dispute; and this is especially true where the question whether an issue should be allowed or an auditor appointed, was considered and decided by the court when exceptions to the sheriff's return were before it.

Argued April 18, 1901. Appeal, No. 127, Jan. T., 1901, by E. W. Mulligan, Executor of Isaac Everitt, deceased, from order of C. P. Luzerne Co., Dec. T., 1894, No. 108, refusing an issue, in case of People's Savings Bank v. J. H. Mosier. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Rule for an issue.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was order refusing issue.

*James L. Morris*, with him *Edward A. Lynch*, for appellant.— After the court has submitted to an auditor the question of the distribution of the proceeds of a sheriff's sale of real estate, a junior lien creditor has the right to an issue under the provisions of the acts of June 15, 1836, P. L. 777, section 87, and of April 20, 1846, P. L. 411, section 2, the averments made in the request for the issue not being denied by the affidavit of the plaintiffs in the attacked judgments: Haven's App., 7 Pa. 255; Robinson, Minis & Miller's App., 36 Pa. 81; Benson's App., 48 Pa. 159; Souder's App., 57 Pa. 498; Dundas's Est., 73 Pa. 474; Rohrer's App., 62 Pa. 498; Dormer et al. v. Brown, 72 Pa. 404; Ryman & Sons' App., 124 Pa. 635; Providence Steam and Gas Pipe Co. v. Chase, 108 Pa. 319; Wolfe v. Oxnard, 152 Pa. 623; Schwartz & Graff's App., 21 W. N. C. 246; Moore v. Dunn & Fell, 147 Pa. 359.

This court has held that the acts of 1836 and 1846 are in pari materia and are to be construed together: Dormor et al.

v. Brown, 72 Pa. 404; Providence Steam & Gas Pipe Co. v. Chase, 108 Pa. 319; Moore v. Dunn & Fell, 147 Pa. 359; Atherholt v. Atherholt, 7 Pa. Superior Ct. 82; Wile Bros. & Co. v. Locks, 9 Pa. Superior Ct. 193.

The lower courts, in the county of Luzerne and elsewhere, still recognize the right of an attacking lien creditor to have an issue to try disputed questions of fact, even after the matter has been referred to an auditor: Myers v. Fichtner, 10 Kulp, 45.

The choice of the tribunal before which his claim should be heard is not a matter to be decided by the attacking creditor, even though his original petition and exception to the sheriff's special return asked for the appointment of an auditor: Act of April 20, 1846, P. L. 411, section 2; White v. Lucas, 4 Phila. 30; People's Savings Bank v. Mosier, 9 Kulp, 475.

*Andrew H. McClintock,* for appellee, cited: Second National Bank v. Penna. Coal Co., 140 Pa. 628.

OPINION BY MR. JUSTICE FELL, May 20, 1901:

The People's Savings Bank became the purchaser at sheriff's sale of real estate against which it held judgments exceeding in amount its bid at the sale.  The sheriff made his return in the manner provided by the 2d section of the Act of April 20, 1846, P. L. 411, to which return the appellant and other lien creditors filed exceptions, and on their application a rule was granted to show cause why the money produced by the sheriff's sale should not be paid into court, and an auditor appointed to make distribution as provided by law.  An answer was filed, depositions were taken, and after a full hearing the court decided that the exceptions were well founded, and the rule was made absolute, and an auditor was appointed.  At the hearing the court considered whether the questions in dispute should be sent to an auditor or to a jury for decision, and decided not to allow an issue.  After all the testimony had been taken by the auditor, the appellant applied for an issue, which was refused.  The refusal of this application is the ground of the appeal.

There are two conclusive reasons why the order refusing the issue should be affirmed.  First, the case is directly ruled by the decision in Second National Bank v. Penna., etc., Coal Co.,

140 Pa. 628, in which it was held that where the creditor applied for and procured the appointment of an auditor under the act of 1846, he could not afterwards have an issue awarded; that having selected one of the remedies provided by the act, he could not after exhausting it have recourse to the other. Secondly, the question whether an issue should be allowed or an auditor appointed, was considered and decided by the court when the exceptions to the sheriff's returns were before it. That decision was on the facts presented by the depositions taken, and we should not be warranted in overruling it except for manifest error amounting to an abuse of discretion.

The proceeding had its inception in the filing of exceptions to a special return of the sheriff. It was authorized by section 2 of the act of 1846, and the manner there prescribed was strictly followed, and it must be considered as governed by the provisions of that act. But if the application for an issue be considered as a distinct proceeding under section 87 of the Act of June 16, 1836, P. L. 777, the same conclusion is reached. The right to an issue where a fact connected with the distribution was in dispute, given by the act of 1836, was qualified by the act of 1846, and made subject to the determination of the court. As clearly shown in the opinion of Judge ARNOLD in the common pleas adopted as the opinion of this court in Moore v. Dunn & Fell, 147 Pa. 359, the cases in which an issue has been held to be of right arose under the act of 1836 or the earlier Act of April 16, 1827, P. L. 471, or the effect of the modification of the act of 1836 by that of 1846 had been overlooked.

The order is affirmed at the cost of the appellant.