LEWIS BURKE

   VS.

W. E. BIGGERS

7841    No. 7841

June 7th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for a balance due on several transactions for a sale and purchase of cotton for future delivery.

The plaintiff averred that he was domiciled in Tennessee; that he was an active member of the New Orleans Cotton Exchange; that the defendant Biggers is domiciled in Georgia; that in the month of November 1916 plaintiff was employed by Biggers to make purchases and sales of cotton on the Cotton Exchange of New Orleans; that plaintiff carried out these orders through Hayward, Howard & Co., Cotton Brokers on said Exchange; that these transactions resulted in a loss of $1354.44 to the defendant herein who refuses to pay for the same. Defendant was cited through a curator and the attachment of his property in the hands of a garnishee.

The curator ad hoc denied all the allegations of the petition.

The case was fixed for trial, and after all the evidence on both sides had been introduced, it was continued for argument for another day. A short time before the argument, the curator filed a supplemental answer in which he pleaded that the transactions between the plaintiff and the defendant were "future transactions" "whereby it was not intended that respondent should make or receive actual delivery of the cotton", and that said transactions were illegal in the states of Tennessee and Georgia.

The plaintiff argued that this Court could not consider this supplemental answer because it altered the substance of the original answer. The plaintiff also objected to the introduction of any evidence tending to prove a mere future or gaming transaction. We do not deem it necessary to pass upon those objections, as we do not find the defense established.

The evidence is that the defendant, while in Georgia, on several occasions, telephoned to the plaintiff at his office in Chattanooga, to buy or sell for him, in New Orleans, a certain number of bales of cotton; that the plaintiff wired the orders to Heyward, Howard & Co., Cotton Brokers in New Orleans, members of its Cotton Exchange, and dealing under its rules; that Heyward, Howard & Co. would accept the order, and enter it upon their books in the name of the plaintiff for account of the defendant; that when the order was executed, Heyward, Howard & Co. would wire to plaintiff, who, in turn, would inform the defendant, by letter, of the sale or purchase made by Heyward, Howard & Co. for his account, in the manner following:

Mr. W. E. Biggers,

Ringgold, Ga.

Dear Sir, On your order over the telephone, Hayward, Howard & Co. sold one March at 1920 for your account,&c.

Yours very truly,

E. B. & B.

November 11th, 1916.

Mr. W. E. Biggers,

Ringgold, Ga.

Dear Sir, On your order over the phone to buy 3 March on the close, Heyward, Howard & Co., bought 3 March B/C at 20.28 to close 3 shorts for your account.

Yours very truly,

E. B. & B.

November 24th, 1916.

The defendant is charged with six transactions, and each one is notified to him in the manner above indicated.

It is evident that these contracts of purchase and sale were made by Heyward, Howard & Co. upon the floor of the Cotton Exchange in New Orleans, in the name of, and for account of, and as agents of, the defendant, and that the cotton was to be delivered, and the contract performed, in New Orleans. They were therefore Louisiana contracts, to be governed by the laws and jurisprudence of Louisiana, and by the rules of the New Orleans Cotton Exchange.

A purchase of movables in another state to be delivered in this State is a Louisiana contract. 36 A., 359; 21 A., 412, 728; 47 A., 135; 1651; 106 La., 730.

"It is a well settled rule that where a contract is to be performed in another place than that where it is made, its validity is to be governed by the law of the place of performance". 17 La., 589; 22 A., 418; C. C., 10; 41 A., 1048; 51 A., 1733.

Where the sale between the parties was in New York with the intention that it be consummated in New Orleans it is a Louisiana contract. 10 A., 728; 111 La., 801.

According to the testimony of James D. Heyward, a member of the firm of Heyward, Howard & Co., these sales and purchases were actual transactions.

This witness says:

"The custom of the Exchange in doing business with brokers in the interior is that they solicit business in their own names, being members of the Exchange, sending it to brokers on the floor of the exchange for execution for account of their customers. The members in this case are Estes, Burke, and Burke being liable to the broker to whom they sent the orders, to the local brokers here in the exchange for any losses. x x x this balance of $1354.44 shown on this statement was paid to our firm by Estes, Burke and Burke; the loss having been made by Mr. Biggers through Estes, Burke, and Burke's orders. x x x When they sent these orders it was for account of Biggers as explained to you. It is always the case of a man in the country when he sends an order he says for whose account. We keep a general account of the parties sending the order identifying each order as instructed by them for whose account it is".

It is not the buying or selling of cotton for future delivery which is illegal; on the contrary such a contract is valid. The illegal contract is the one where neither party is obligated to buy or sell, or to deliver or receive the actual cotton; or, in the language of the act, "where the intention of the parties is not to make an honest and bon a

528

fide delivery"; but where, on the contrary, the intention
and obligation of each party is only to settle on the basis
of the difference in price on a future date agreed upon; in
other words, a wager on what the market price of cotton will
be on a certain future date.  37 A., 814; 39 A., 1076;
46 A., 315; Act 16 of 1898 p 20. *20 Cyc 926-28a731-*

The trial judge gave judgment in favor of the plain-
tiff for the amount claimed by him less $300.  The defendant
appealed.  The plaintiff and appellee has answered the appeal
praying for an amendment of the judgment for the full amount
claimed by him.  We think the judgment of the District Court
correct.  The account sued on is prepared by Heyward, Howard
& Co. and represents their claim against the plaintiff for
the transactions for account of the defendant.  We are satis-
fied that the account is correct as between them.  But as
between the plaintiff and defendant it is not correct.  De-
fendant testifies that plaintiff drew on him for $300; he says:

"I paid his draft with the draft on Heyward, Howard

& Co.  I just drew a draft on Heyward, Howard & Co.

for $300, and took up the draft that he made on me".
This is not denied and appears to have been an oversight.

Judgment affirmed.

June 14th, 1920.