## Zietz v. Schembs.

*Executions — Sheriff's sale — Distribution—Objection to—Appointment of auditor—Issue framed—Trial by jury—Act of 1846.*

1. Under the Act of April 20, 1846, § 2, P. L. 411, which provides that, if the right of the purchaser of real estate as a lien creditor at sheriff's sale to the money mentioned in the return by the sheriff of the sale shall be questioned by an interested party, the court shall appoint an auditor to distribute the proceeds or shall direct an issue to determine the validity of the disputed lien, one who objects to the distribution of the proceeds and asks for the appointment of an auditor cannot later have an issue framed.

2. Unless there is a statutory provision to the contrary, the right to a trial by jury must be confined to cases at common law and to disputed issues before judgment and does not extend to executions and matters growing out of executions.

Order framing issue. C. P. Montgomery Co., June T., 1918, No. 66.

*High, Dettra & Swartz,* for Bodo W. Zietz.

*Wayne P. Rambo,* for Henry P. Schneider.

WILLIAMS, P. J., Jan. 11, 1927.—Henry P. Schneider and Annie E. Miller, lien claimants, having appealed from the order framing an issue of Oct. 4, 1926—the reasons for which order do not appear of record—the court, in compliance with Rule 58 of the Supreme Court, herein files of record at least a brief statement of the reasons for such order in the form of an opinion.

Bodo W. Zietz, the plaintiff and, on the 11th day of September, 1918, the purchaser of real estate at sheriff's sale, having produced to the sheriff a duly certified statement from the proper records, under the hand and official seal of the proper officer, showing that the plaintiff was a first lien creditor entitled to receive all of the proceeds of the sale, the sheriff received the receipt of the purchaser for the amount which, from the record, he appeared to be entitled to receive. Only three (3) days thereafter and before the sheriff had made a return of the sale, Henry P. Schneider, who appeared from the record to be a second lien creditor, instead of waiting until the return had been made and, then, filing an affidavit which set forth the nature and character of the material facts he alleged to be in dispute and asking the court to direct an issue to determine the validity of the lien, presented a petition praying that the sheriff be directed to make no settlement, except upon the payment in cash of the amount of the bid ($10,000) and to pay the said sum into court and that *an auditor be appointed* to distribute said sum.

After the granting of a rule to show cause, etc., upon the plaintiff and sheriff, the acceptance by each of service of the rule, the filing of an answer by the plaintiff and the taking and filing of depositions in support of the rule, the late Honorable Aaron S. Swartz, then President Judge, being of opinion that the sheriff should be given more time in which to act, on the 17th day of December, ordered the holding, for fifteen (15) days, of the application of the petitioner and, after the filing, on the 4th day of January of the following year, by the sheriff of a special return and by Schneider of an exception to return, Judge Swartz, understanding the pending proceedings were then in such position that the Act of April 20, 1846, P. L. 411-12, relative to lien creditors becoming purchasers at judicial sales, could be applied and the parties having agreed upon an auditor to determine the rights of the lien purchaser, on the 16th day of June, appointed Franklin L. Wright, Esq., auditor to pass upon that question and upon any other matter relating to the proceedings the parties by agreement might submit to him.

When the reference thus reached the auditor, he found, however, not only that the parties would not agree to submit to him any matter relating to the

Zietz v. Schembs.

proceedings other than the determination of the rights of the lien creditor by their agreement specially referred to him by Judge Swartz but, also, that, even in passing upon the question of the rights of the plaintiff, his counsel, apparently, took the position that the auditor had no power other than to make a report distributing the proceeds of the sale with the facts and reasons upon which such distribution should be made. Accordingly, at the expiration of a little more than three (3) years and four (4) months, the auditor, in a report specifically finding that the validity of the judgment duly entered in the foreclosure proceedings of the plaintiff against the defendant was not open to attack before an auditor appointed to make a report distributing the proceeds of the sheriff's sale, that, since the Act of April 20, 1846, *supra*, conferred upon the auditor no power other than the determination of questions of distribution, he was without authority to decide the issue of fact involved, that the question to be determined was whether there had been a merger of the mortgage held by the plaintiff upon the premises of the defendant by the conveyance to the nominee of the plaintiff, or a neutralization of the bond of the defendant and a consequent invalidation of the mortgage lien, and that the real matter in controversy, the right of the plaintiff to give his receipt when such right was disputed by Schneider, could be adjudicated only by an issue to determine the validity of the lien under which the plaintiff claimed his right, respectfully referred the matter back to the court with the recommendation that an issue be granted.

To the filed report of the auditor—and it may be of importance—Schneider took no exception. On the contrary, he simply marked time for nearly seven months, or until the 14th day of May, 1923, when his counsel moved the grant of an issue in accordance with the findings of the auditor, the issue, if the parties could agree, to be framed by them, or, in the event they should be unable to agree, then by the court, and the late Honorable John Faber Miller, who, upon the retirement from the bench of Judge Swartz, had become President Judge, upheld the motion and granted the issue in the form moved. After another delay, this time of almost two (2) years, Schneider filed a petition for an issue and, two (2) days later, March 11, 1925, the plaintiff filed his petition praying the court to frame an issue. On the 29th day of January, 1926, as it had become evident the parties could not agree on the issue, Judge Miller, desirous of hearing argument before undertaking to frame the issue, ordered both petitions on the March Argument List. Unfortunately, in February, Judge Miller passed away, so that, by the time the case came on for argument, the action already was about eight (8) years old, the late President Judges Swartz and Miller, before whom, during all this time, every once in a while, in some form or other, the action had kept constantly reappearing, were both dead and the writer of this opinion was in densest ignorance of the many curious aspects of the intricate legal antique eventually placed on exhibition.

To make bad enough worse, Judge Knight, before his elevation to the bench, had been of counsel for Schneider and, of course, was not qualified to participate, as he sedulously avoided participating, in the argument and consequent deliberations. Happily, however, we had the help of President Judge Solly, of the Orphans' Court—who, specially presiding, sat with us at the argument—and, so aided, on the 4th day of October, made the interlocutory order from which, within five (5) days, not only Schneider but also Annie E. Miller, who appears from the record to be a third lien creditor, took two (2) appeals apiece.

Note has been made that, before the award of the issue, Schneider made no affidavit that there were material facts in dispute but petitioned the appointment of an auditor to distribute the amount of the bid, that Schneider took no exception to the report as filed of the auditor and that Schneider, through his counsel, in the motion for the grant of an issue, was the first to suggest the issue be framed by the court. Schneider may not be, therefore, in the best of complaining positions, because he not only got everything for which he asked but, apparently, as hereinafter will more fully appear, secured a great deal more than he deserved.

It is to be observed that section 2 of the Act of April 20, 1846, *supra*, provides that, if the right of the purchaser of real estate at sheriff's sale to the money mentioned in the return by the sheriff of the proceedings of the said sale be questioned by any person interested, thereupon the court shall appoint an auditor to distribute the proceeds of said sale *or* shall direct an issue to determine the validity of the disputed lien; that is, the power of the court is limited to the doing of *one* of two things, either the appointment of an auditor or the direction of an issue. If the latter be done, then the issue must be limited to a determination of the validity of the lien. In other words, when Schneider questioned the right of the plaintiff to the money mentioned in the special return of the sheriff, the court was authorized by statute to appoint an auditor or to direct an issue and, if the court directed an issue, then, by statute, such issue had to be confined to the validity of the lien. Because of the limitation imposed by law, the court, in framing the issue, specifically confined it to the inquiry, broadly speaking, Is the mortgage a valid lien? For the court to have framed a more comprehensive issue might have been a usurpation of unauthorized authority and undelegated power.

In the light of the foregoing, this opinion could properly be brought to an immediate conclusion but, since the case is to be reviewed, further discussion may not be altogether out of place.

As already observed, the remedies section 2, *supra*, affords an interested person to dispute the right of the purchaser to the money mentioned in the return, while two-fold, are not cumulative but alternative. The disputing person interested may have either an auditor or an issue. Both, however, he may not have: Second Nat. Bank *v.* Penna., etc., Coal Co., 140 Pa. 628, 631-2 (1891), and Peoples' Savings Bank *v.* Mosier, 199 Pa. 375, 376-7 (1901). Schneider, if he wished to question the right of the plaintiff to the money mentioned in the return, had an election between the two remedies given by the act of assembly. If he wanted the validity of the mortgage determined, he should have asked for the direction of an issue. To the contrary, being desirous of having the proceeds of the sale distributed, he requested the appointment of an auditor. The selection of the mode of procedure was his. He made the choice by praying for the appointment of an auditor. Having so exercised his right of selection, he should have exhausted the remedy of his own choice instead of later repudiating it by seeking the direction of an issue. It may be, therefore, that Schneider, having once secured the appointment of an auditor, by such act for all time barred himself from the procurement of an issue and, if so, any complaint from him as to the form of a subsequently granted issue he moved the court to frame may not come with especially good grace. In fact, such fault-finding may serve only to bring to the foreground the question, Can any final judgment in his favor ever be entered on an issue?

It is settled law in many states and commonwealths, including Pennsylvania, that a party who voluntarily chooses, or even acquiesces in, the determination of a controversy by some tribunal other than a jury, or in some

manner other than by jury trial, will not be heard afterwards to object that the controversy should have been tried by jury but, on the contrary, will be held to have waived his right to that mode of trial. Such a free-will chooser cannot be permitted to take the chance of a favorable decision in a tribunal of his selection and then to be heard to question the authority of that tribunal: 24 Cyc., 149, 160, Juries. IV. Loss And Waiver of Right, C. How Jury May Be Waived. 9. Choice Of Remedies. Certainly, if Schneider was never entitled to an issue, he is in no position to censure the form of the one gratuitously given him. Ordinarily, people are not expected to look gift horses in the mouth.

Schneider made no demand for an issue until between six (6) and seven (7) years after, at his request, the court had appointed an auditor, until the case had been over three (3) years before the auditor, during which time he held numerous hearings and thereat took a large amount of testimony and until nearly two (2) years after all exceptions to the report of the auditor following notice of the intended filing of the report had been withdrawn and no exception had been taken to the report as filed. Subsequent to all this delay and the expense necessarily involved, only an unusually strong case would have justified the Supreme Court in reversing for the refusal to award an issue, Second Nat. Bank v. Penna. etc., Coal Co., supra, and it would seem that a case equally as strong would be required to justify a reversal because of the grant of an issue in a form not pleasing to the fancy of an always delaying and ever expense increasing lien claimant.

There is still another reason why Schneider was not entitled to the issue allowed. The second proviso of section 2, supra, declares that, before an issue shall be directed upon the distribution of money arising from sales under execution, the applicant for such issue shall make affidavit that there are material facts in dispute and shall set forth the nature and character of the disputed facts and that, upon this affidavit, the court shall determine whether an issue shall be granted. Schneider made no such affidavit. A complaining creditor wishing to obtain an issue, Schneider, without requesting the appointment of an auditor and not until after the sheriff had made his return, should have filed an affidavit that the judgment sought to be attacked was fraudulent and intended to hinder and delay creditors. The averments of this affidavit could have been denied by the plaintiff, depositions could have been taken and on them the court could have determined the necessity for the grant of an issue: Moore v. Dunn and Fell, 147 Pa. 359, 367 (1892). As it was, however, Schneider, making no attempt to comply with the necessary statutory prerequisite for an issue and after he had waived all right to such issue, through the indulgence of the plaintiff's counsel—who agreed in writing to the grant of an issue—and by the grace of the court, secured an issue to which he was not entitled. In what shape, then, is he to express resentment at the form of the issue directed. That any issue whatsoever was granted constituted his great good fortune.

Instead of excepting to the findings of the auditor to the effect that the application for his appointment had been erroneous, Schneider practically conceded the fatality of his election of remedy by moving for the grant of an issue. In so doing, however, he cut the ground right out from under his feet, for, as already seen, by obtaining the appointment of an auditor, Schneider had waived his right to an issue and was bound to go on to a finish before the auditor. Consequently, either Schneider should have filed exceptions to the report of the auditor because of his failure as directed to determine the

Zietz v. Schembs.

rights of the lien purchaser or else Schneider should have been prepared to accept with gratitude any issue subsequently bestowed as a favor.

The fundamental weakness in the approach of counsel for the lien creditors to the legal question presented seems to be that he assumes his clients have some inherent right to a jury trial. In so approaching the controversy, he takes entirely too much for granted. If there be any right to demand an issue in a case like the one at bar, it exists alone by statute. Only in cases at common law is the right to a trial by jury constitutionally secured and, even in them, the right pertains solely to the mainly disputed issue before judgment. Such right cannot arise on a collateral issue or after judgment. The right to jury trial does not pertain to any matter of execution or to any matter growing out of execution. It is true the legislature may extend trial by jury to execution matters, but, if the legislature does so extend the right, the legislature may, as it did in the Act of April 20, 1846, *supra*, prescribe the terms on which the right may be secured: Moore *v.* Dunn and Fell, *supra*, 366. With the condition precedent to a jury trial imposed on lien creditors by section 2, *supra*, both complaining claimants failed to comply. If neither ever had a right to the submission of an issue to a jury, surely, neither has a right to any particular form of such an issue.

From Aaron S. Swartz, Jr., Norristown, Pa.

NOTE.—Appeal quashed by the Supreme Court.