### GOODWIN *v*. SCOTT.

In a case tried by a referee, the qualification of a witness to give his opinion of the value of property is a question of fact to be determined at the trial.

CASE, for kindling a fire at an improper time, whereby the plaintiff's sugar-place was damaged. The cause was heard by referees, who found the defendant guilty, and assessed the plaintiff's damages. The following testimony was admitted, subject to the defendant's exception:

Richard Lane testified: "I owned the Goodwin lot fifteen years ago. At that time I was over pretty much the whole of the lot: there were maple-trees upon it. The growth was rock-maple, beech, and spruce on the high ground, and a small growth of soft wood on the low land. I was on the lot the last of February or first of March last, so I could see most of the burnt district. Most of the hard-wood land was burned over. I can't tell what proportion of the standing trees was burned, but there was a pretty heavy growth when I saw it, and there was a large lot taken off. The growth on the burnt piece was pretty heavy—a good deal more hard wood than spruce. From my knowledge of the sale of other

wild land in the town of Whitefield, I think the value of this lot,. as I saw it after the fire, was $300."

Wm. F. Dodge testified: "I did not notice whether most of the trees were killed. I should have considered the trees valuable if I had owned them. I got some wood and dry plank that were valuable."

The plaintiff testified: " The distance from the lot to my farm is one mile and a half round the road—one half mile across. I have no other sugar-lot. I have a small piece of wood-land that will cut about twenty-five cords."

The referees reported that they made personal examination upon the lot, and that the above testimony had no influence upon them in their assessment of damages. The court ordered judgment upon the report, and the defendant excepted.

*Ladd & Fletcher*, for the defendant. The fact that the plaintiff had or had not any other wood- or sugar-lot was not a proper element which the referees should consider in making up their award of damages. The action was case, founded on the defendant's negligence, and not on his wilful misconduct. This evidence was not only admitted but argued to the referees by the plaintiff's counsel,. he claiming that for the reason that the plaintiff had no other sugar- or wood-lot, the damages should be enhanced from what they would otherwise be. If we look at the reason of the thing, the absurdity and injustice of such a rule is at once apparent. Scott, not exercising quite so much care as he ought under all the circumstances in kindling the fire, did an unintentional injury to Goodwin's only sugar- and wood-lot. Scott must pay $137.50 damages to Goodwin as compensation for the damage done, because Goodwin had no other sugar- and wood-lot. If Goodwin had had another sugar- and wood-lot the damage would have been only $50. This is not the legal rule of damages in such cases. The rule is, that the defendant should pay the plaintiff the actual damage done to his property;—nothing more, nothing less. The damages are compensation for the injury done, and are to be governed by the rules well established in the law, and founded on sound sense and equity. It is the amount which the lot is diminished by the act of the defendant. *McGuire* v. *Grant*, 25 N. J. Law 356; Wood Mayne Dam., *s.* 569.

Such a rule as the plaintiff's counsel contended for would be varying, uncertain, and illogical. It was legal error to admit such testimony, and it is the duty of the court to correct the error. Nor is the matter winked out of sight by the referees' going outside of their duties and reporting what we submit they had no business to report, that this evidence had no influence upon their minds. The defendant stands on his legal rights; and he has a right to insist that when testimony of such a character is improperly admitted and he is cast in the suit, the court should revise

the ruling of the referees, and give him the benefit of an important exception upon a vital point in the case seasonably taken to evidence clearly inadmissible, and which, from the result of the suit, he has a right to presume improperly influenced the referees and exaggerated the damages given the plaintiff.

In regard to the testimony of Richard Lane, we say two tenable exceptions are apparent: (1) The witness was not qualified to judge of the value of the property. G. L., *c.* 228, *s.* 23. (2) From his own testimony it appears that he had not been over the lot for fifteen years, but was on it in February, 1880, so as to see most of the burned piece. It is therefore entirely apparent that the witness had not sufficient knowledge to judge of its value. His knowledge of the lot was at a remote date; and when he was on it in February, 1880, he only saw most of the burnt piece. It was therefore clearly wrong to allow him to testify as to the value of the lot after the fire. His testimony as to the value of the lot was on a material point in the case, and one of the elements which entered into the judgment of the referees in making up their minds as to the amount of the plaintiff's damage; and the fact that they had a view of the premises has nothing to do with the question, for the point was, What was the lot diminished in value as real estate in the town of Whitefield by the defendant's act? A knowledge of sales of real estate in Whitefield was essential, and a view could not give such knowledge.

*B. F. Whidden,* for the plaintiff. A perfect answer to the defendant's exceptions is found in the report. The referees made personal examination upon the lot, and the testimony excepted to had no influence upon them in their assessment of damages. *Eastman* v. *Amoskeag Co.,* 44 N. H. 143; *Deerfield* v. *Northwood,* 10 N. H. 269; *Hamblett* v. *Hamblett,* 6 N. H. 334.

SMITH, J. Opinions of witnesses as to value may be received as evidence thereof when it appears to the court that they are qualified to judge of such value. G. L., *c.* 228, *s.* 23. Whether a witness is qualified to judge of the value of property in litigation, is a question of fact to be determined at the trial. *Jones* v. *Tucker,* 41 N. H. 546; *Taylor* v. *Ins. Co.,* 51 N. H. 50. The question is one that can be most conveniently and satisfactorily determined at the trial, upon personal examination of the witness, and generally can be determined in no other way. *Dole* v. *Johnson,* 50 N. H. 452, 459. Upon an appeal from the assessment of a tax, the question whether a witness is qualified to testify as to value is determined by the commissioners to whom the appeal is referred. For the same reasons the question is determined by referees in trials before them.

It is an answer to the defendant's exceptions, however, that the evidence excepted to was ruled out and disregarded by the ref-

erees. When evidence is ruled out in jury trials, the jury are instructed to disregard it. In such cases its admission furnishes no ground for a new trial, unless there is reason to believe that the evidence improperly influenced the verdict. *Deerfield* v. *North-wood*, 10 N. H. 269; *Hamblett* v. *Hamblett*, 6 N. H. 334; *Eastman* v. *Amoskeag Co.*, 44 N. H. 143; *Judge of Probate* v. *Stone*, 44 N. H. 593, 607; *Zollar* v. *Janvrin*, 47 N. H. 324, 326; *Burnham* v. *Butler*, 58 N. H. 568. It was not found as a fact, at the trial term, that injustice was done by the evidence admitted by the referees, and it is not necessary to inquire whether the evidence was competent.

*Exceptions overruled.*

All concurred.