Hillsborough,
  Dec., 1898.

### LITTLE, *Adm'r*, v. HEAD & DOWST CO.

In an action for injuries occasioned by the fall of a staging, evidence that the hooks from which it was suspended were recommended by the owner, who had practical knowledge of their use and from whom they were borrowed, is competent upon the question of the defendant's care in selecting them.

The opinion of a witness as to the sufficiency of iron hooks to sustain a given weight is competent, when there is evidence to warrant the finding that he possessed the special skill and knowledge required of an expert.

Evidence as to the cost of a mechanical appliance is admissible to prove its quality.

CASE, for negligence. Trial by jury and verdict for the defendants. The plaintiff's intestate, an employee of the defendants, was at work upon a staging suspended from iron hooks placed on the roof of a building, when one of them broke, allowing the staging to fall and causing the death of the intestate. The defendants borrowed the hooks of one Gannon, who had been engaged in the business of house painting twenty to twenty-five years and had frequently used such hooks for suspending stagings by the sides of buildings. He was not a machinist and never worked on, or experimented with, iron. He testified that he procured the hooks in question to be made for his use some fourteen years previously; that he had used them upon several jobs, with two or three, and sometimes four, men upon the staging; that he had tested them by having three or four men pull upon a rope attached to a hook in position so as to cause a steady strain upon it and thereby set it into the roof and make it firm; that he had taken the very best care of them; and that he was at work on the building on which they were to be used and was informed of the use for which they were wanted. Subject to the plaintiff's exception, he further testified that he recommended the hooks to the defendants' fore-

man, who came to borrow them; that he paid more for them than he ever did for other hooks; and that they were sufficient to sustain a staging weighing 324 pounds with two or three men upon it.

A witness called by the defendants testified upon direct examination that a test of the hooks was made before they were used at the time the intestate was injured, and he described it particularly. Upon cross-examination, he testified that it was the only test that was made. To rebut this evidence, the plaintiff introduced witnesses who worked about the building and who testified that they saw no test made before the accident. The plaintiff's offer to show by them that they saw one made after the accident was denied, subject to exception.

*Cyrus H. Little* and *Oliver E. Branch*, for the plaintiff.

*Burnham, Brown & Warren* and *George B. French*, for the defendants.

CHASE, J. A person seeking hooks of the kind in question for use in his business would naturally and properly rely more or less upon the recommendation of a person having practical knowledge of the uses for which such tools are designed and of the manner in which those under consideration answered the purpose while in actual use. The fact that a recommendation from such a person was made has a bearing upon the question whether ordinary care was exercised in making the selection in a given case, the same as it would have if the recommendation was based upon knowledge acquired by working iron and studying its properties. The object of the testimony is to prove, not the character of the hooks, but the extent of the care exercised in selecting them. Its office is like that of testimony showing that the tool or machine in question was purchased of a reputable maker. *Reynolds* v. *Woolen Co.*, 168 Mass. 501, 503.

Gannon's opinion as to the sufficiency of the hooks to sustain a given weight was also competent. Men in general would not understand what form and size of hook would be required for the purpose. That is a matter requiring special skill. There was evidence from which it might properly be found that Gannon possessed the skill required to make his opinion competent evidence. *Jones* v. *Tucker*, 41 N. H. 546; *Dole* v. *Johnson*, 50 N. H. 452.

The fact that these hooks cost more than others had some tendency to show that they were of a good quality. The weight of the testimony would depend largely upon the circumstances.

The testimony offered by the plaintiff that a test of hooks was made after the accident related to a collateral issue, and the

offer was addressed to the sound discretion of the court. The
exclusion of the testimony is not subject to revision here.

*Exceptions overruled.*

PEASLEE, J., did not sit : the others concurred.