Merrimack,
June, 1899.

## CONCORD LAND AND WATER POWER CO. *v.* CLOUGH.

Town records showing the appraisal of real estate for purposes of taxation are not admissible to prove its value.

PETITION, under P. S., *c.* 142, *ss.* 12–19, for assessment of damages for flowing the defendant's land. Trial by jury and verdict for the defendant.

*Streeter, Walker & Hollis,* for the plaintiffs.

*Albin, Martin & Howe,* for the defendant.

WALLACE, J. Subject to exception, the records of the town of Canterbury, showing the valuation of the defendant's land for taxation from 1891 to 1897, inclusive, were introduced by the plaintiffs on the question of the actual value of the property. The records of the assessment of taxes, made and kept by the proper officials in the performance of their duty, were competent evidence of the facts therein stated, so far as they related to the assessment and collection of taxes on the defendant's land in the years named. They are evidence of the assessed valuation of the land for the purposes of taxation. But, unless the records are ancient ones or are expressly made evidence by statute, the authorities almost universally hold they are not admissible as evidence of the actual value of the property in mere private controversies between parties not claiming rights under the records. *Flint* v. *Flint,* 6 Allen 34; *Kenerson* v. *Henry,* 101 Mass. 152; *Commonwealth* v. *Heffron,* 102 Mass. 148; *Sewall* v. *Sewall,* 122 Mass. 156; *Anthony* v. *Railroad,* 162 Mass. 60; *Martin* v. *Railroad,* 62 Conn. 331; *Cincinnati etc. R. R.* v. *McDougall,* 108 Ind. 179; *Chicago etc. R. R.* v. *Smith,* 6 Ind. App. 262; *German M. Ins. Co.* v. *Niewedde,* 11 Ind. App. 624; *Dudley* v. *Railroad,* 77 Ia. 408; *San Jose etc. R. R.* v. *Mayne,* 83 Cal. 566; *McLane* v. *Paschal,* 74 Tex. 20; Lew. Em. Dom., *s.* 448; Mills Em. Dom., *s.* 172; Rand. Em. Dom., *s.* 235.

The determination of the value of property for taxation being made for another purpose, and very frequently at less than the actual value, is not a fair criterion thereof. The appraisal for taxation not being made by the owner or at his instance, and almost always in his absence and without his being heard, he is not bound by it except for the purposes for which it was made. It was not a useful or proper aid to the jury in fixing the value of the defendant's land or in assessing her damages. It should have been excluded.

This question has not been directly passed upon by our court. In *Seavey* v. *Seavey*, 37 N. H. 125, the inventory of a deceased person's estate was held to be competent evidence against third persons of the amount of property owned by the deceased, and the language of the opinion as to the admission of records in evidence was broad enough to make the record in the present case admissible. In *Hayward* v. *Bath*, 38 N. H. 179, 186, *Seavey* v. *Seavey* was cited, although it was not necessary to the decision of the case. In *Thompson* v. *Major*, 58 N. H. 242, 244, it was cited in support of the unquestioned proposition that the record of the establishment of a highway is evidence of the facts recited therein, and is admissible to prove the laying out. In *Derry* v. *County*, 62 N. H. 485, 488, its soundness was questioned. So far as it decides the question here involved, it cannot be followed against the great weight of authority and reasoning which sustains the opposite view. The exception on that point is sustained. It is unnecessary to consider the other exceptions.

*Verdict set aside.*

PARSONS, J., did not sit: the others concurred.