Coös,
Dec., 1899.

## CHAPMAN v. TIFFANY.

A tenant at will cannot terminate his tenancy without the landlord's assent, except by the notice in writing required by the statute.

One familiar with the capacity of a building, the amount paid as rent therefor, and the proportionate space occupied by goods stored therein, is qualified to testify as to the value of such storage.

ASSUMPSIT, for rent. Facts found by a referee. The defendant hired the premises, situate in Keene, for an indefinite period, at a rental of $12 per month. November 20, 1897, the defendant sent the plaintiff word that he intended to vacate about the middle of December. The plaintiff never waived her right to a written notice. The premises were vacated December 15, 1897.

The defendant filed a set-off for the storage of goods. When the defendant took possession, a part of the house was occupied by goods belonging to the plaintiff, who promised to pay the defendant a reasonable sum for allowing them to remain. The referee found that $39.42 was due the plaintiff, and $20.05 due the defendant.

Subject to the plaintiff's exception, the referee found that the defendant's wife was qualified to testify concerning the value of the storage. It appeared that she had acted as agent for her husband, had examined the premises, agreed upon the rent to be paid, paid the rent, and transacted all the business of her husband, who was absent, but she knew nothing about the usual charges for storing goods in Keene. Judgment was ordered for the plaintiff for $19.37, and both parties excepted.

*Crawford D. Hening*, for the plaintiff.

*William H. Paine*, for the defendant.

PIKE, J. The defendant's occupancy of the premises was a tenancy at will (P. S., c. 246, s. 1), which he could not terminate without the plaintiff's consent, except by giving the "notice in writing" required by the statute. *Ib.*, s. 6. The word sent to the plaintiff in November was not such notice, and the plaintiff, not having consented that the tenancy should terminate, is entitled to recover for the rent.

"The opinions of witnesses as to the value of any real estate, goods, or chattels may be received as evidence thereof when it appears to the court that they are qualified to judge of such

value." P. S., *c.* 224, *s.* 22. Whether in a given instance a witness is thus qualified is a question of fact to be determined at the trial. *Goodwin* v. *Scott*, 61 N. H. 112, 114; *Taylor* v. *Insurance Co.*, 51 N. H. 50, 55; *Dole* v. *Johnson*, 50 N. H. 452, 459; *Jones* v. *Tucker*, 41 N. H. 546, 548. The referee's finding that the defendant's wife was qualified to judge of the value of the storage was authorized by the evidence. She knew of the capacity of the building, for she had examined it when the premises were rented. She knew how much was paid for rent, for she agreed with the plaintiff upon the amount and paid it whenever it became due. She knew the space occupied by the plaintiff's goods, for she lived in the house where they were stored. Such knowledge enabled her to estimate what proportionate part of the premises were required for the storage, and the rental value of such part in relation to the whole.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.