Merrimack, }
  Dec., 1899. }

STEVENS, *Ex'r*, v. FELLOWS.

A foreclosure of a mortgage pays the notes secured by it to the extent of the value of the real estate obtained thereby at the moment of foreclosure ; and such value is the amount for which the property could have been sold at a sale held at a reasonable time and place, after reasonable notice, and conducted with reasonable skill and diligence for the purpose of obtaining the highest price.

In an action to recover a balance due upon mortgage notes after a sale subsequent to foreclosure, the income derived from the property, the prices for which it had been sold, the value of improvements made upon it, and the opinions of qualified witnesses are competent evidence to show its value at the date of foreclosure ; but the appraisal of the property for taxation is not admissible for that purpose.

The price obtained at a foreclosure sale by an executor, under license of the probate court, has no greater weight against the mortgagor in determining the value of the property than if made by the testator.

Where a foreclosure sale is made by an executor for the purpose of settling an estate, the expense thereof is not chargeable to the mortgagor.

ASSUMPSIT, upon promissory notes.    Facts found by a referee. The notes were secured by a mortgage of real estate.    The plaintiff, having recovered conditional judgment upon the mortgage, was put in possession of the real estate, March 1, 1897, and held peaceable possession one year.    The amount due upon the notes at the date of the judgment was $10,598.34.    The plaintiff, acting

under a license from the probate court, sold the real estate by public auction, June 20, 1898, for $6,900. The reasonable expenses of the sale were $81.30. The sale was a fair one, fully advertised, favorably placed, seasonably held, honestly conducted, attended by bidders who were familiar with the law and facts affecting the value of the property, and who competed with each other in bidding for it. Everything was done to command the highest price, and $6,900 was all that could be obtained for the property at the sale. There was no change in the value of the property between the date of the foreclosure and the date of the sale. Subject to exception, the defendant introduced evidence showing the income of the property, the prices for which it had been sold at private sale, the price he paid for it, the improvements he had made upon it, the value at which it had been appraised for taxation, and the opinions of numerous qualified witnesses as to its value. The referee found that if the price for which the property was sold is the legal test of its value, the plaintiff is entitled to judgment for $3,866.20, or $3,947,50, according as the expenses of the sale should, or should not, be deducted from the price; but if the price is not conclusive on the question of value, and the evidence received subject to exception should be considered, the notes are fully paid and the defendant is entitled to judgment.

*Leach & Stevens*, for the plaintiff.

*Matthews & Sawyer*, for the defendant.

CHASE, J. According to well settled law, the foreclosure of the plaintiff's mortgage paid the notes secured by it to the extent of the value of the real estate thereby obtained at the moment of foreclosure. It is equally well settled that the value was the amount of money for which the real estate could have been sold at a fair sale — that is, a sale held at a reasonable time and place, after reasonable notice, and conducted with reasonable skill and diligence for the purpose of obtaining the highest price. *State* v. *James*, 58 N. H. 67; *Atlantic & St. Lawrence R. R.* v. *State*, 60 N. H. 133, 140; *Low* v. *Railroad*, 63 N. H. 557, 562; *Gregg* v. *Railroad*, 67 N. H. 452, 455; *Winnipiseogee etc. Mfg. Co.* v. *Gilford*, 67 N. H. 514, 517. See, also, *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 480, 481. The value at that time is a pure question of fact, to be determined like other questions of fact upon a consideration and weighing of competent evidence. *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 475. As no sale was made on the day when the foreclosure became complete, the evidence must necessarily be circumstantial. The testimony relating to the sale of June 20, if found

not to be too remote in point of time, was competent but not conclusive. *Atlantic & St. Lawrence R. R.* v. *State*, 60 N. H. 133, 141. Although made by an executor under a license of the probate court, it had no greater weight against the defendant than it would have had if the testator had survived and made it himself. The other evidence, excepting that relating to the valuation of the property for taxation (*Concord Land & Water Power Co.* v. *Clough*, 69 N. H. 609), was competent. P. S., *c.* 224, *s.* 22; *Goodwin* v. *Scott*, 61 N. H. 112; *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 476, 477; *Winnipiseogee etc. Mfg. Co.* v. *Gilford*, 64 N. H. 337, 348. The value was to be determined upon a consideration of all this evidence, giving to each item the weight to which it was entitled according to the judgment of the referee. There may be difficulty in determining the value of property in this way, especially of property which is rarely sold and for which there is, strictly speaking, no market value; but if so, the difficulty is one "for which the law is not responsible, and which is to be solved like other difficulties in questions of fact, upon diligent investigations, by candid, deliberate, and sound judgment." *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 478, 481, 482; *Atlantic & St. Lawrence R. R.* v. *State*, 60 N. H. 133, 140. The conclusion may not be entirely satisfactory to the party who is called upon to decide the question; but if, upon a careful consideration and weighing of the evidence in the light of his general knowledge, it appears to him to be appreciably more probable than any other, it must be accepted as the true conclusion. The law affords no other means for settling such questions.

The findings in this case are contradictory. According to the facts stated, the sale of June 20 seems to have been such as would afford a test of the value of the property if it had occurred at the completion of the foreclosure; and it is found that the value did not change in the meantime. The value arrived at in this way was $6,900, and its application in payment of the notes leaves a balance of nearly $4,000 due. It is also found that if the price obtained at this sale is not conclusive on the question of value, and the evidence received subject to exception should be considered, the notes are fully paid — in other words, that the value of the real estate obtained by the foreclosure was nearly or quite $11,000. There must be error in one, at least, of these findings. In contemplation of the law, the property could have only one value at the date in question. If the evidence received subject to exception was sufficiently weighty to justify the conclusion that the price obtained June 20 was nearly $4,000 less than the value of the property, it also showed that the sale on that date lacked some of the elements required to make it a test of value. On the other hand,

if the evidence concerning the sale justified the conclusion that the value of the property was only $6,900, there must have been error in applying or estimating the weight of the other testimony. For these reasons no judgment can be entered upon the report.

The plaintiff's sale presumably was made for the purpose of settling the testator's estate, and the expenses incurred in making it should not be charged to the defendant, directly or indirectly, in any view of the case.

*Case discharged.*

All concurred.