Hillsborough, }
Feb. 5, 1918. }

## ROBERT S. MORRISON v. ALBERT W. NOONE.

A finding on the *voir dire*, that a witness is competent to judge of the value of land, is not subject to exception if based on evidence.

Counsel may assert *arguendo* that the false testimony comes from the opposite party.

An exception to the refusal of the presiding justice to set aside a verdict as against the evidence presents no question of law.

PETITION, under the flowage act, being the same case reported *ante*, 338. Trial by jury and verdict for the plaintiff.

Subject to exception, one Moore was found qualified to testify as to his opinion of the value of farm land upon evidence that he had resided in the vicinity seventy-three years, had worked on the land, owned some 300 acres in the vicinity, had bought a few pieces of real estate and tried to buy others, had charge of various lands in the neighborhood as executor, and was somewhat familiar with land values.

The declaration of Gallup that Joseph Noone was present when the letter H was cut, was excluded, subject to exception.

In the closing argument to the jury, counsel for the plaintiff said: "Mr. Noone may be the most public spirited man in Peterborough, but I have got this to say to you, Mr. Noone: You stand here con-

victed before your fellow-men and a jury of Hillsborough county of trying to take my client's property away from him for nothing." The defendant excepted.

The defendant's motion to set aside the verdict, as against the weight of the evidence, and because the jury fell into a plain mistake, was denied and he excepted.

Transferred from the May term, 1917, of the superior court by *Allen,* J.

*Charles J. Hamblett, John R. Spring, Doyle & Lucier* and *Cobleigh & Theriault* (*Mr. Cobleigh* orally), for the plaintiff.

*Jonathan Smith* (of Massachusetts) and *James F. Brennan* (*Mr. Smith* orally), for the defendant.

PEASLEE, J. There was evidence that the witness Moore was qualified to judge of the value of the land in question, and a finding to that effect, based on evidence, is not open to review here. *Chapman* v. *Tiffany,* 70 N. H. 249, and cases cited.

The proffered declaration of Gallup that when he cut the letter H on the rock Joseph Noone was present, was held to be inadmissible upon the former transfer of the case. *Morrison* v. *Noone, ante,* 338. The surrounding facts as now shown do not differ from those presented then, and consequently the exception to the exclusion of the evidence must be overruled.

The argument of counsel to which exception was taken, was tantamount to a charge that the testimony of the defendant and his witnesses was false. "Counsel have the right to claim that the false testimony came from his opponents." *Story* v. *Railroad,* 70 N. H. 364, 376.

The defendant's exception to the refusal of the presiding justice to set the verdict aside as against the evidence presents no question of law. It is conceded that witnesses testified to facts which would support the plaintiff's case. The claim argued is that the defendant's witnesses were more numerous and more trustworthy and therefore should have been believed. This contention was finally disposed of by the decision of the presiding justice. *Flaherty* v. *Railway, ante,* 254, and cases cited.

*Exceptions overruled.*

All concurred.