Cheshire,
April 1, 1919.

### STATE *v.* PATRICK A. KILLEEN.

The test to determine whether a witness is qualified as an expert is to ascertain whether his knowledge of the matter in relation to which his opinion is asked is such that it will probably aid the trier of the question to determine the truth.

APPEAL, from a conviction for keeping intoxicating liquor for sale. Trial by jury and verdict of guilty. A bill of exceptions was allowed by *Kivel*, C. J., at the October term, 1917, of the superior court. The exceptions are stated in the opinion.

*Roy M. Pickard*, solicitor (by brief and orally), for the state.

*Joseph Madden* and *John J. Landers* (*Mr. Madden* orally), for the defendant.

YOUNG, J. The defendant's exception to the court's finding that a witness was qualified to testify as an expert raises the question of (1) the qualifications an expert must possess, and (2) whether the witness possessed these qualifications.

The first of these is a question of law. *Boardman* v. *Woodman*, 47 N. H. 120, 140; *Dole* v. *Johnson*, 50 N. H. 452; *Jones* v. *Tucker*, 41 N. H. 546. The second is a question of fact. *Keefe* v. *Railroad*, 75 N. H. 116, 121.

No test to determine the qualifications a witness must possess in order to be permitted to testify as an expert, which will reconcile

anything like all the cases in which that question has been considered, can be found either in the nature of things or in the decided cases. (3 Wig. Ev., ss. 1917–1923); but an examination of the cases decided since 1860 will show a gradual turning on the part of the court toward the view that the test is to inquire whether the witness' knowledge of the matter in relation to which his opinion is asked is such, or so great, that it will probably aid the trier in the search for the truth. *Jones* v. *Tucker*, 41 N. H. 546; *State* v. *Knapp*, 45 N. H. 148, 154; *Boardman* v. *Woodman*, 47 N. H. 120, 140; *Taylor* v. *Railway*, 48 N. H. 304, 310; *State* v. *Pike*, 49 N. H. 399, 408; *Dole* v. *Johnson*, 50 N. H. 452, 453; *State* v. *Archer*, 54 N. H. 465, 468; *Hardy* v. *Merrill*, 56 N. H. 227, 241; *Carpenter* v. *Hatch*, 64 N. H. 573, 576; *Folsom* v. *Railroad*, 68 N. H. 454, 461; *Little* v. *Company*, 69 N. H. 494; *Chapman* v. *Tiffany*, 70 N. H. 249; *Pattee* v. *Whitcomb*, 72 N. H. 249, 251; *Flint* v. *Company*, 73 N. H. 483, 485; *Keefe* v. *Railroad*, 75 N. H. 116, 121; *Davis* v. *Railroad*, 75 N. H. 467, 469.

The test, therefore, to determine whether the court erred when it permitted the witness to testify, that in his opinion the signatures on the orders for the different cases of liquor were all written by the same person, is to inquire whether there is any evidence from which it can be found that his knowledge of handwriting was such that his opinion might aid the jury in determining that issue. *Davis* v. *Railroad*, 75 N. H. 467, 469. The evidence relevant to the witness' experience is that it had been his work for ten years or more to examine a large number of delivery orders each day to determine whether the signatures on them were those of the persons to whom the goods were consigned. It is obvious that it may be found from this evidence that his opinion as to who signed the orders in question might aid the jury in determining that question. 3 Wig. Ev., s. 1923.

It is enough to say of the defendant's second exception that whiskey is an intoxicating liquor, and that instead of there being no evidence that the cases marked "potable liquor" contained whiskey when they were delivered to the defendant, that is the only conclusion of which the evidence is fairly capable.

*Exception overruled.*

All concurred.