Sullivan, }
June 3, 1924. }

### EUGENE E. BEERS, *Ap'ee, v.* PAUL DAVIDSON, *Ex'r.*

The valuation of property by municipal officials for the purpose of taxation cannot be introduced, as evidence of the actual value of the property, in controversies between persons not claiming rights under the tax assessment.

A motion for a directed verdict for the plaintiff "on the ground that there is no substantial evidence to contradict his claim," will be overruled where a contrary conclusion is warranted by the evidence.

PROBATE APPEAL, from the acceptance of the report of the commissioner who allowed the plaintiff's claim. Trial by jury and verdict for the defendant. At the close of the evidence, the plaintiff moved for a directed verdict "on the ground there is no substantial evidence to contradict his claim." The motion was denied subject to the plaintiff's exception. Exceptions were taken by the plaintiff to evidence introduced by the defendant. The facts sufficiently appear in the opinion. Transferred by *Sawyer*, J.

*Henry N. Hurd* and *Fred A. Jones* (*Mr. Hurd* orally), for the plaintiff.

*Francis W. Johnston* and *Jesse M. Barton* (*Mr. Johnston* orally), for the defendant.

PLUMMER, J. The latter part of November, 1917, the plaintiff and his wife went to live with Darius N. Moulton, and December 24, 1917, Moulton deeded to Mrs. Beers his farm, and she gave him back a mortgage conditioned on supporting him during his life. He died August 14, 1921. At the time the Beers went to live

N. H.]

BEERS v. DAVIDSON.

327

with Moulton, he had in his employ one Leete who had been with him since April 1, 1911. Leete did chores about the place. But his particular work was to care for Moulton, who was an old man. He waited on him, cleaned up after him, and acted as a body servant. Leete continued to stay there after the Beers came, and worked about the place and cared for Moulton as he had done before. He remained there until April 1, 1920.

This action is for the board of Leete from the time the Beers went to the Moulton farm until Leete left April 1, 1920. It is the claim of the plaintiff that Moulton agreed to pay Leete's board. It is the contention of the defendant that when Moulton deeded his farm to Mrs. Beers, and she gave him a mortgage back conditioned upon suitably supporting and maintaining Moulton during his life and providing him with suitable food, drink, clothes, nursing, medicine and all other things suitable and necessary, that it was a part of the arrangement and understanding between them, that Leete should remain and care for Moulton as he had before done, and that Mrs. Beers should board him as a part of her undertaking. And for the purpose of showing that Mrs. Beers was well paid for what she had undertaken to do, and could well afford to board Leete without extra pay and probably did, the defendant introduced subject to the plaintiff's exception the town's assessors' valuation of the Moulton farm for the purpose of taxation for the years 1917 and 1921, which was forty-four hundred dollars. This evidence was incompetent and improper. "The valuation of property by municipal officials for the purpose of taxation cannot be introduced, as evidence of the actual value of the property, in controversies between persons not claiming rights under the tax assessment." *Laird* v. *Railroad*, 80 N. H. 58; *Concord Land &c. Co.* v. *Clough*, 69 N. H. 609; *Stevens* v. *Fellows*, 70 N. H. 148. As this incompetent evidence was introduced upon a material point in the case, it vitiates the verdict, and it must be set aside. Exceptions were taken to other evidence introduced during the trial, but as they will probably not occur upon a retrial of the case, it seems unnecessary to consider them.

The plaintiff's exception to the denial of his motion for a directed verdict must be overruled. The jury may not have given credence to the plaintiff's evidence that Moulton agreed to pay Leete's board, and they could have found upon the evidence and from all the circumstances surrounding the case that Mrs. Beers was to board Leete as a part of her undertaking, and further the jury may have

found that Leete paid for his board by the work he did about the place, which was one of the defendant's claims.

*Exception to denial of motion for directed verdict overruled: exception to evidence sustained; verdict set aside: new trial.*

SNOW, J., was absent: the others concurred.