Hillsborough, }
Jan. 4, 1927. }

## STATE v. LOUIS LABOMBARDE.

Though a juror may have an opinion upon the merits of the case which it would
require evidence to remove, he may be found to be indifferent upon his testi-
mony that he could and would decide the case upon the law and the evidence.

A ruling upon the extent of cross-examination for the purpose of testing a wit-
ness' memory is not exceptionable.

Testimony that a respondent had sufficient mentality to be responsible for a
criminal act is not exceptionable on the ground that the evidence related to
"a question for the jury," but is merely a form of stating the witness' opinion
of the respondent's mental state.

No exception lies to a ruling admitting opinion evidence if there is any basis for
a finding that the opinion would aid the jury.

INDICTMENT, for murder. Trial by jury and verdict, guilty of murder
in the first degree. Transferred by *Young*, J., upon exceptions which
are stated in the opinion.

*Jeremy R. Waldron*, attorney-general, and *George I. Haselton*,
solicitor, for the state.

*Doyle & Doyle*, for the defendant.

PEASLEE, C. J. In the examination of jurors on the *voir dire*
several of them testified to having an opinion on the merits of the
case, which it would require evidence to remove. Each of them also
testified that he could and would try the case upon the law
and the evidence, and render a verdict accordingly. They were
found to be indifferent, and the defendant excepted. The
question thus presented received exhaustive consideration in
*State* v. *Sawtelle*, 66 N. H. 488, and the conclusions then an-
nounced establish the validity of the action taken by the presiding
justice.

The defendant's argument is that because the jurors testified that
it would require evidence to change their minds, therefore they
could not give the defendant a fair trial, that the presumption of
innocence could not be given its proper application. The fault in
the argument lies in the assumption that the juror's opinion must be
overcome. If that proposition were true there would be no logical
answer to the position that jurors with opinions should be excused,

except in the rare cases of such notoriety that others could not be obtained.

The true reason why such a juror may be found to be indifferent is that it is not necessary that his opinion be removed or modified. His duty is to put his opinion one side, and try the case on the law and the evidence. If he does this, he may find the defendant not guilty and still retain the former opinion. Stated more fully, the formal verdict, not guilty, reads: The evidence produced at the trial does not prove the defendant's guilt beyond a reasonable doubt. There is no inconsistency between an opinion that a defendant is guilty and a conclusion that the evidence produced at the trial does not prove guilt.

The juror's statement that in returning a verdict he will be governed by the law and the evidence means that he will put his opinion aside. "The question was not whether those examined . . . could change their minds without cause, but whether they could and would disregard the information they had received and the opinions they had formed concerning the case, and render a verdict on nothing but the evidence given them during the trial. This was a question of fact to be determined at the trial term." *State* v. *Sawtelle,* 66 N. H. 488, 538. The same rule has been applied in earlier and later cases. *State* v. *Rheaume,* 80 N. H. 319, 320, and cases cited. These exceptions are overruled.

The defendant's counsel proposed to ask the sheriff, on cross-examination, what an officer said to the witness about certain features of the case. Objection being made, the offer was put upon the ground that counsel desired to test the witness' memory. The evidence was excluded and the defendant excepted. The offer was finally disposed of by the ruling of the presiding justice. *State* v. *Fogg,* 80 N. H. 533, 534, and cases cited.

Subject to exception, an expert witness called by the state was permitted to testify that the defendant had sufficient mentality to be responsible for a criminal act. The objection is now put upon the ground that the evidence related to "a question for the jury." While this position was once thought to have weight, it was abandoned long ago. 3 Wig. Ev., s. 1917; *Gardner* v. *Company,* 79 N. H. 452, and cases cited. The answer was a form of stating the witness' opinion of the defendant's mental state. *Bachman* v. *Insurance Co.,* 78 N. H. 100, 104, and cases cited. No exception lies to the ruling admitting such evidence, if there is any basis for a finding that the opinion would aid the jury.

*State* v. *Hause, ante,* 133, 136. No claim of lack of such basis is made here.

None of the other exceptions stated in the record have been referred to in the defendant's brief, and they are understood to be waived.

*Exceptions overruled.*

All concurred.