Hillsborough,
Oct. 2, 1928.

Evanthia G. Marty *v*. Athan Shaka.

*Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the plaintiff.

*James A. Broderick* and *Arthur B. Hayden* (*Mr. Broderick* orally), for the defendant.

Snow, J. A witness, called by the plaintiff, gave in evidence his opinion of the value of the furniture. The defendant excepted to the denial of his motion to strike out the testimony for want of qualification. The witness had seen the furniture on a single occasion in 1914. He was then a grocer. He became a dealer in secondhand furniture in 1916 and continued in that business until 1922. The conversion occurred in the latter year.

"The opinions of witnesses as to the value of any real estate, goods or chattels may be received as evidence thereof, when it appears to the court that they are qualified to judge of such value." P. L., c. 336, s. 33. The defendant assumes that the admissibility of the evidence rests upon this statute, and that the admission of opinions not involving science, skill or trade is unauthorized. Neither assumption is well founded. The statute was enacted in 1867 (G. S., c. 209, s. 24) to meet a "peculiar narrow and inconvenient" rule excluding opinions of the value of property, which had "become established here, in derogation of the common law." This rule had been based on the erroneous assumption that "in general, opinions are not admissible, and that the value of property is not one of those subjects

upon which witnesses may testify as experts." *Boardman* v. *Woodman*, 47 N. H. 120, 145, 146; *State* v. *Pike*, 49 N. H. 399, 422, 425. Since the dissenting opinions of Judge *Doe* in these cases, the rule strictly limiting the admissibility of opinion evidence which had theretofore (1866) prevailed, has by a long line of decisions gradually given way to a liberalized version of the earlier common law. *State* v. *Killeen*, 79 N. H. 201, 202. Opinion evidence is now received whenever the trial court finds it will probably aid the trier in the search for the truth. *Id.; Olgiati* v. *Company*, 80 N. H. 399, 403; *State* v. *Mannion*, 82 N. H. 518, 523, and cases cited. Under the enlarged rule opinions as to the value of property are now admissible in evidence quite independent of the statute.

The only question of law presented by an exception to the admission of the opinion of a witness is whether there is evidence to support the court's finding that it will aid the trier. *State* v. *Hause*, 82 N. H. 133, 136; *State* v. *Labombarde*, 82 N. H. 493, 494; *Gardner* v. *Company*, 79 N. H. 452, 455; *Paquette* v. *Company*, 79 N. H. 288, 290; *State* v. *Killeen, supra.* Such had been the ruling in respect to opinions of the value of property admitted under the statute. *Chapman* v. *Tiffany*, 70 N. H. 249, 250, and cases cited.

There was such evidence here. The witness had observed the furniture in 1914 when installed in the plaintiff's home, which he describes as eight rooms, all completely furnished with good furniture, good carpets, bureaus and commodes. There was evidence that the goods had been kept in good condition. It could be found that his knowledge of the value of the furniture based upon his observation and experience was superior to that of the jury. The fact that his experience as a dealer followed, rather than antedated, his observation of the goods goes only to the weight of his testimony.

The defendant inquired of his witness, a dealer in musical instruments, "What would you say the value of that piano was . . . in two ways, first what would you give for it secondhand, and what would you get for it, February, 1922?" The court limited the inquiry to what it would cost to purchase a piano of that kind in the market at that time, to which limitation the defendant excepted. It was conceded at the argument that the piano was of an ordinary type obtainable in the market. No error appears in the ruling.

*Exceptions overruled.*

PEASLEE, C. J., was absent: the others concurred.