Rockingham,
No. 4549.

CHARLES W. DOWNIE *v.* ROYAL PROCTOR.

Submitted February 6, 1957.

Decided April 10, 1957.

*Sleeper & Mullavey* for the plaintiff, furnished no brief.

*Paul E. Nourie* for the defendant, furnished no brief.

DUNCAN, J. The plaintiff excepted to the exclusion of testimony by a lay witness in response to the question "Did you have some personal knowledge of the condition of some part of [the plaintiff's] body he complained of through the accident?" In sustaining the defendant's objection, the Court indicated that plaintiff's counsel would be permitted to inquire about complaints made by the plaintiff. Counsel however proceeded to inquire of the witness concerning "a picture taken of [plaintiff's] left arm." The witness testified that he was with the plaintiff when a photograph was taken, and his answer to the question "Is that it?" was then excluded, on objection, after plaintiff's counsel had stated that the photograph was "an enlarged picture." The photograph was thereupon marked for identification and was later received in evidence in the course of direct examination of the plaintiff. No prejudicial error can be found in what thus transpired. The question concerning the lay witness' personal knowledge "of the condition of some part of [the plaintiff's] body," in the form in which asked, appeared to call for expert testimony by a witness not shown to be qualified. The photograph which the same witness was not permitted to identify was later identified by the plaintiff himself, and received in evidence. The plaintiff's exceptions to these rulings of the Trial Court are overruled.

The plaintiff later objected to questions put to the same witness

on cross-examination as to whether the witness could have controlled the horse which the plaintiff had been driving "better if [he] were leading him by the halter" than if he had tried to stop him by pulling on the reins. Subject to exception, the witness was permitted to answer, and replied that he would have just as much control of "that horse," if he pulled on the reins. The testimony was admissible in the Court's discretion, and since it was favorable to the plaintiff rather than the defendant, it could not be considered ground for a new trial in any event. Other exceptions relating to the evidence are not of sufficient merit to warrant discussion.

The general exception to denial of the plaintiff's requests "except in so far as they were covered by the charge" presents no clear issue for determination here. Such an exception would be invalid in many jurisdictions (see *Peppin* v. *Railroad*, 86 N. H. 395, 401) and has not been regarded with favor here. *Lynch* v. *Sprague*, 95 N. H. 485, 490. It does not serve to call any specific error to the attention of the Trial Court in season for correction, and leaves the excepting party free after the trial to search for defects in the charge not previously thought significant. Accordingly, we hold such an exception to be insufficient to present any question for determination by this court. Counsel should have no difficulty in specifying at the trial, by number or other specific reference, any requests for instructions which they consider to have been denied. See *Davis* v. *State*, 94 N. H. 321, 323.

The order in this case will be no different from the order which would have been entered had we held that the general exception was entitled to consideration.

*Judgment on the verdict.*

WHEELER, J., took no part in the decision; the others concurred.