GEM Realty v. First N/B of Boston     CV-93-606-SD   03/20/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


GEM Realty Trust

    v.                                        Civil No. 93-606-SD

First National Bank of Boston


O R D E R


In this diversity action, plaintiff GEM Realty Trust asserts that defendant First National Bank of Boston breached its fiduciary duty to GEM by failing to exercise good faith and due diligence in foreclosing on plaintiff's Plaistow, New Hampshire, property in September of 1991.  Trial of this case is scheduled to begin on March 27, 1995.

Presently before the court are defendant's motion for partial summary judgment, defendant's motion in limine to exclude certain appraisals and references to the fair market value of the property in question, defendant's motion in limine to exclude the testimony of John Katsaros and Earl Hall, and defendant's memorandum of law with respect to the prior bad acts of Michael J. O'Connell, which the court treats as a motion in limine to exclude evidence of such bad acts.  Plaintiff objects to each of the pending motions.  Also before the court is plaintiff's motion

for partial summary judgment, to which defendant objects.

Discussion

1.  Summary Judgment Standard

Under Rule 56(c), Fed. R. Civ. P., summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

> Summary judgment is a procedure that involves shifting burdens between the moving and the nonmoving parties.  Initially, the onus falls upon the moving party to aver "'an absence of evidence to support the nonmoving party's case.'"  Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  Once the moving party satisfies this requirement, the pendulum swings back to the nonmoving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)) . . . .

LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 1398 (1994).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the nonmoving party's favor.  Anderson, supra, 477 U.S. at

2

255.


2.  Defendant's Motion for Partial Summary Judgment

    a.  RSA 479:25, II

Defendant moves for partial summary judgment as to
plaintiff's claims of misconduct by the Bank prior to the
September 9, 1991, foreclosure sale.  Defendant asserts that such
claims are barred under New Hampshire Revised Statutes Annotated
(RSA) 479:25, II, because of plaintiff's failure to file a
petition to enjoin the foreclosure sale.

RSA 479:25, II, requires a mortgagee to include the
following language in its notice of foreclosure sale to the
mortgagor: "'You are hereby notified that you have a right to
petition the superior court for the county in which the mortgaged
premises are situated, with service upon the mortgagee, and upon
such bond as the court may require, to enjoin the scheduled
foreclosure sale.'"  The statute further provides that "[f]ailure
to institute such petition and complete service upon the
foreclosing party, or his agent, conducting the sale prior to
sale shall thereafter bar any action or right of action of the
mortgagor based on the validity of the foreclosure."

The New Hampshire Supreme Court has interpreted this
provision of RSA 479:25, II, to "bar[] any action based on facts

3

which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale." Murphy v. Financial Dev. Corp., 126 N.H. 536, 540, 495 A.2d 1245, 1249 (1985). Although this provision bars a mortgagor's action challenging the validity of a foreclosure sale based on pre-foreclosure conduct of the mortgagee, it does not bar the introduction of such conduct as it relates to the mortgagee's exercise of good faith and due diligence in conducting the foreclosure sale. See Merrimack Indus. Trust v. First Nat'l Bank of Boston, 121 N.H. 197, 199-200, 427 A.2d 500, 503 (1981) (affirming trial court's denial of motion to dismiss under RSA 479:25, II, for failure to seek injunctive relief prior to foreclosure sale "with the proviso that matters leading up to the foreclosure sale could not be litigated except as they related to the bank's duty to exercise good faith in conducting the sale").

The crux of plaintiff's action is that defendant breached its duties of good faith and due diligence in connection with the foreclosure sale in question. Accordingly, the court finds that plaintiff's claims that the Bank, as a result of its pre-foreclosure conduct, breached its duties of good faith and due diligence, are not barred under RSA 479:25, II.

4

b.  The Truck Loan

Defendant asserts that plaintiff's claim that the Bank breached its fiduciary duty to GEM by requiring GEM to pay off an unrelated truck loan in October 1989 as a condition of forbearance is barred by the three-year statute of limitations in RSA 508:4.[1]

The court agrees that plaintiff cannot assert a claim for breach of the Bank's duties of good faith and due diligence based on conduct of the defendant which falls outside the applicable three-year statute of limitations; that is, before November 16, 1990.  Defendant's motion for summary judgment is therefore granted as to said claim.[2]

c.  Failure to Postpone Foreclosure Sale

Plaintiff alleges that the Bank breached its fiduciary duty

---

[1]Plaintiff's complaint was filed with this court on November 16, 1993.

[2]The court notes that defendant lists as exhibits in its pretrial statement the forbearance agreements entered into by the parties, stating that "[t]hese documents are relevant to demonstrate the history of the loan relationship and the Defendant's good faith and willingness to work with the Plaintiff."  Defendant's Pretrial Statement at 6.  To the extent that the two forbearance agreements entered into between the parties prior to November 16, 1990, are admissible at trial, evidence regarding the circumstances surrounding those agreements may also be admissible to show the general nature of the loan relationship between the parties.

5

to GEM by refusing to postpone the foreclosure sale after GEM offered to assign the proceeds from the sale of certain property owned by GEM's trustee to the Bank.

The record before the court reveals a dispute between the parties as to whether plaintiff actually offered to make such an assignment and as to what the testimony of plaintiff's expert, Raymond Woolson, will be on this subject. Defendant's motion for summary judgment is therefore denied as to said claim.

### d. Failure to Properly Advertise

Plaintiff alleges that the Bank breached its fiduciary duty to GEM by failing to properly advertise the foreclosure sale.

Any claim that defendant failed to meet the statutory notice requirements of RSA 479:25, II, is barred by RSA 479:25, II-a, and cannot be pursued by plaintiff during the trial of this action. However, the New Hampshire Supreme Court has stated that a bank's advertising of a foreclosure sale may be insufficient to meet the bank's duty to act with due diligence even though the bank's conduct complies with the statutory requirements of RSA 479:25, II. Murphy, supra, 126 N.H. at 543, 495 A.2d at 1251. Defendant's motion for summary judgment is therefore denied as to plaintiff's claim that the Bank's advertising of the foreclosure sale was insufficient to demonstrate due diligence.

6

e. Upset Price

Plaintiff alleges that defendant breached its fiduciary duty to GEM by failing to establish an upset price for the foreclosure sale that reflected GEM's equity in the property.

Defendant asserts that plaintiff's failure to present any expert testimony on the proper method of setting an upset price mandates entry of summary judgment as to this claim. Plaintiff responds that it has amended its interrogatory answer with respect to the expert opinion of Raymond Woolson on the subject of upset prices. Defendant's motion for summary judgment is therefore denied as to the upset price claim.

3. Plaintiff's Motion for Partial Summary Judgment

Plaintiff asserts that it is entitled to summary judgment on the issue of whether the Bank breached its duties to GEM by failing to consider GEM's equity when it established an upset price for the foreclosure sale.

A mortgagee conducting a foreclosure sale owes both the duties of good faith and due diligence to the mortgagor. DeLellis v. Burke, 134 N.H. 607, 612, 598 A.2d 203, 205 (1991) (citing Murphy, supra, 126 N.H. at 541, 495 A.2d at 1249). These duties "are distinct." Murphy, supra, 126 N.H. at 541, 495 A.2d at 1250 (quoting Wheeler v. Slocinski, 82 N.H. 211, 213, 131 A.

7

598, 600 (1926)).

In determining whether there has been a lack of due diligence, "the issue . . . is whether a reasonable man in the [lender's] place would have adjourned the sale . . . or taken other measures to receive a fair price."  Id., 126 N.H. at 542, 495 A.2d at 1250 (internal quotations omitted).  The establishment of an upset price below which the mortgagee will not accept any offer is one measure the mortgagee may be required to take in order to obtain a sale price that is fair and reasonable under the circumstances.  Id., 126 N.H. at 541, 495 A.2d at 1249-50.

After a careful review of the record before it, including the foreclosure documents attached to Attorney Gambrill's affidavit, the court finds that a genuine issue remains as to whether the Bank's conduct in establishing an upset price of $94,760 amounts to a breach of the Bank's fiduciary duty to GEM.  Plaintiff's motion for partial summary judgment is accordingly denied.


4.  Defendant's Motion in Limine to Exclude Certain Appraisals and References to Fair Market Value

Under New Hampshire law, a mortgagee's duty to exercise good faith and due diligence to protect the mortgagor's interest at

8

the foreclosure sale requires the mortgagee to "exert every reasonable effort to obtain 'a fair and reasonable price under the circumstances' . . . ." Murphy, supra, 126 N.H. at 541, 495 A.2d at 1249 (quoting Reconstruction Fin. Corp. v. Faulkner, 101 N.H. 352, 361, 143 A.2d 403, 410 (1958)).

> What constitutes a fair price, or whether the mortgagee must establish an upset price, adjourn the sale, or make other reasonable efforts to assure a fair price, depends on the circumstances of each case. Inadequacy of price alone is not sufficient to demonstrate bad faith unless the price is so low as to shock the judicial conscience.

Id., 126 N.H. at 541, 495 A.2d at 1250 (citations omitted).

A fair price is "'the price obtainable on a fair sale reasonably adjourned rather than the price obtainable when the season for selling was most favorable.'" Silver v. First Nat'l Bank, 108 N.H. 390, 392, 236 A.2d 493, 495 (1967) (quoting Wheeler, supra, 82 N.H. at 215). Further, a fair and reasonable price is not the equivalent of "'"fair market value" as in eminent domain cases nor is the mortgagee bound to give credit for the highest possible amount which might be obtained under different circumstances, as at an owner's sale.'" Id. (quoting Reconstruction Fin. Corp., supra, 101 N.H. at 361, 143 A.2d at 410).

One of the ultimate issues for the jury's determination in this case is whether the foreclosure sale price of $110,000 was

"a fair and reasonable price under the circumstances."  The
parties do not dispute that the fair market value of the property
at the time of the foreclosure sale, as reflected in appraisals
conducted near the time of the sale, is relevant to this
determination.  However, defendant moves to exclude all evidence
of the fair market value of the Plaistow property, including any
appraisals done on the property prior to August of 1991, as
irrelevant to the value of said property when it was sold at a
foreclosure sale on September 9, 1991.[3]

Plaintiff asserts that earlier appraisals and other fair
market value determinations are relevant to the jury's
determination of whether the Bank's August 1991 appraisal of
$200,000 accurately reflected the actual decline in the
property's value.  Plaintiff further asserts that such evidence
is relevant as background information about the property's
changing value over the course of the lending relationship
between the parties.

The exhibit lists submitted by the parties as part of their
pretrial statements reveal the intent of both parties to provide
the jury with certain background information about the property

---

[3]The court treats defendant's motion as modified by its
statement at the final pretrial conference of March 13, 1995,
that it does not object to the admissibility of John Ruth's June
1991 appraisal of the property.

10

in question and the lending relationship between GEM and the Bank. The court finds that evidence regarding the fluctuating fair market value of the property between 1985, when the parties entered into their loan agreement, and 1991, when the property was sold at a foreclosure auction, is relevant to the jury's understanding of this relationship and its determination of whether the foreclosure sale price was fair and reasonable under the circumstances. Defendant's motion in limine to exclude evidence of appraisals and references to fair market value of the property prior to August of 1991 is therefore denied.

5. Defendant's Motion in Limine to Exclude the Testimony of Earl Hall and John Katsaros

a. Earl Hall

Earl Hall is identified on the list of witnesses in plaintiff's pretrial statement as the Tax Assessor for the Town of Plaistow and an expert on the valuation of GEM's Plaistow property and on the customary methods of advertising foreclosure sales of commercial properties.

Defendant moves to exclude Hall's testimony because (1) plaintiff failed to disclose him as an expert and (2) valuations of property for tax assessment purposes are not admissible as evidence of property value under New Hampshire law.

In a pretrial order issued by Magistrate Judge Barry on March 18, 1994, plaintiff was ordered to disclose its expert witnesses and their written reports by September 15, 1994. The court subsequently approved a stipulation by the parties to extend the deadline for plaintiff's disclosure of experts to October 10, 1994.

Plaintiff asserts that Earl Hall was disclosed as an expert witness in a letter dated December 29, 1994. <u>See</u> Letter from James H. Gambrill to Bruce W. Felmly (attached to Affidavit of James H. Gambrill, Esq., as Exhibit C). Defendant's counsel state that they have no recollection of seeing this disclosure letter prior to receiving a copy of it via facsimile on March 10, 1995. Defendant's counsel further state that a search of their case files did not reveal a copy of the letter. Affidavit of Byrne J. Decker ¶¶ 2-3; Affidavit of Bruce W. Felmly ¶¶ 2-3.

The disclosure of expert witnesses "shall be made at the times and in the sequence directed by the court." Rule 26(a)(2)(C), Fed. R. Civ. P. Even assuming that the disclosure letter of December 29, 1994, was properly mailed, plaintiff offers no explanation for its failure to disclose Hall as an expert on or before the disclosure deadline of October 12, 1994.[4]

_____

[4]Plaintiff asks the court to take notice of the fact that the pretrial schedule in the case "has been at best fluid." However, the fact that the court has extended certain discovery

As a result of plaintiff's failure to disclose Hall as an expert witness on or before the October 12, 1994, disclosure deadline set by the court, the court rules that Hall is precluded from offering expert opinion testimony at trial.

Further, in the event that Hall is called to testify as a fact witness, the court rules that Hall is precluded from giving testimony about the Town of Plaistow's valuation of plaintiff's former property for tax assessment purposes. The court bases this decision on the well-established New Hampshire rule of law that "'[t]he valuation of property by municipal officials for the purpose of taxation cannot be introduced, as evidence of the actual value of the property, in controversies between persons not claiming rights under the tax assessment.'" Beers v. Davidson, 81 N.H. 326, 327, 125 A. 260 (1924) (quoting Laird v. Railroad, 80 N.H. 58, 114 A. 275 (1921)). See also State v. Giles, 81 N.H. 328, 329, 125 A. 682 (1924) (the official valuation of property for the purpose of taxation "is not competent proof of value in other proceedings"); Holmes v. State, 109 N.H. 319, 320, 251 A.2d 320, 321 (1969) ("In the absence of statute permitting it . . ., the assessed valuation of property for tax purposes is not admissible as evidence of value in a

---

deadlines at the timely request of the parties does not render those deadlines a nullity.

13

condemnation proceeding or other action where value is a central issue.").

b. John Katsaros

Defendant moves to exclude the testimony of John Katsaros on the ground that he was never disclosed by plaintiff as an expert witness. However, plaintiff has represented to the court at the final pretrial conference that Katsaros will be called, if at all, as a fact witness. Defendant's motion in limine is therefore denied as to the testimony of Katsaros.

6. Defendant's Motion in Limine to Exclude the Prior Conviction of Michael J. O'Connell

Plaintiff has listed former Bank employee Michael J. O'Connell as a witness in this action. In 1992 O'Connell pled guilty in this court to bank fraud in a criminal action unrelated to this civil proceeding. Defendant moves to exclude this prior conviction from evidence or, in the alternative, to limit its use.

Rule 404(b), Fed. R. Evid., provides in pertinent part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, Rule 404(b) is modified by Rule

14

609(a), which provides in pertinent part,

> (a) **General rule.** For the purpose of attacking the credibility of a witness,
> . . . .
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Rule 609(a)(2), Fed. R. Evid.

If O'Connell is called to testify in this action, his prior conviction for bank fraud is admissible for the limited purpose of attacking his credibility under Rule 609(a)(2). E.g., United States v. Tracy, 36 F.3d 187, 192 (1st Cir. 1994) (Rule 609 (a)(2) limits the discretion of district courts by mandating the admission of prior convictions involving dishonesty or false statement). However, to offset the risk of prejudice that Rule 404(b) is intended to address, the court will instruct the jury that they may consider testimony about prior criminal convictions only in assessing the credibility of the person who was convicted.

Further, because O'Connell's prior conviction is only admissible to attack his credibility, the fact of O'Connell's conviction may not be mentioned in the opening statements of either party, nor used to impeach the credibility of any other witness.

15

## Conclusion

For the reasons set forth herein, defendant's motion for partial summary judgment (document 24) is granted in part and denied in part; plaintiff's motion for partial summary judgment (document 30) is denied; defendant's motion in limine to exclude certain appraisals and references to fair market value (document 25) is denied; defendant's motion in limine to exclude the testimony of Earl Hall and John Katsaros (document 26) is granted in part and denied in part; and defendant's motion in limine to exclude the prior conviction of Michael J. O'Connell (document 37) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 20, 1995

cc:  James Gambrill, Esq.
     Bruce Felmly, Esq.

16